ENTERED
ON DOCKET

JUN 07 1999

BY DEPUTY



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - AT TACOMA

ROMEGA-US, INC., a Washington corporation,

    Plaintiff,

v.

CHEVRON U.S.A. INC., a foreign corporation; CHEVRON PRODUCTS COMPANY, a division of Chevron U.S.A., Inc.; and ROGER HANSBERRY, an individual,

    Defendant.

C99-5302FDB

ORDER REQUIRING JOINT STATUS REPORT

**It is ORDERED that:**

All parties are directed to confer and provide the Court with a Joint Status Report not later than September 29, 1999. *FILING DEADLINES MEAN THE DATE ITEMS ARE TO BE FILED IN TACOMA.* The Joint Status Report shall contain the following information:

1. What is the statutory jurisdictional basis for this Court's jurisdiction.
   a. Concisely state the facts underlying the asserted basis for this Court's jurisdiction.
   b. If a corporation is a party, name the state by which it was incorporated, and set forth facts demonstrating the corporation's principal place of business.
2. Is there any other jurisdiction where this cause of action might have been brought?



If so, why is the Western District of Washington the preferred place of filing?

3. What is the nature and complexity of the case?

4. What is the status of the case including hearings, motions, and discovery.

5. Should this case or portions of it be referred to a Special Master pursuant to Fed.R. Civ.P. 53?

6. Is this case appropriate for mediation under Local Rule 39.1? *If no, explain.*

7. Do the parties agree to consent that a full-time magistrate judge may conduct all proceedings including trial under Local Rule MJR 13?

8. On what date will the case be ready for trial, considering Local Rule 16 deadlines?

9. Is the trial to be jury or non-jury?

10. The number of trial days required?

11. The names, addresses and telephone numbers of trial counsel?

12. The dates on which trial counsel are unavailable and any other complications to be considered insetting a trial date?

13. Suggestions for shortening or simplifying trial.

14. Should the case be bifurcated, trying liability issues before damages issues, or bifurcated in any other way?

It is the responsibility of the Plaintiff's counsel to serve a copy of this order upon all parties who may appear after this Order is filed within ten (10) days of receipt of service of an appearance. It is also the responsibility of Plaintiff's counsel to initiate the communication necessary to prepare this Joint Status Report.

If counsel are unable to agree upon the content of any part of the status report, they may respond in separate paragraphs. *Separate status reports are not to be filed.*

If on the due date of the Joint Status Report, *all* defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court in an independent status report when service will be effected and why service has not been previously accomplished.

If on the due date the defendant(s) or Respondent(s) have been served and no answer or appearance has been filed counsel for the plaintiff shall file an dependent status report setting

forth the above information in items 1 through 10 to the extent possible. This report shall also include the current status of the non-appearing parties.

Failure to respond to this Order pursuant to its terms may result in the impositions of sanctions by the Court. The Clerk of this Court is instructed to send uncertified copies of this Order to all counsel of record.

DATED this 7 day of June, 1999.

FRANKLIN D. BURGESS
United States District Judge

* * MAILING CERTIFICATE OF CLERK * *

Re: 3:99-cv-05302

True and correct copies of the attached were mailed by the clerk to the following:

    Donald Louis Anderson, Esq.
    EISENHOWER & CARLSON
    STE 1200 WELLS FARGO PLAZA
    1201 PACIFIC AVE
    TACOMA, WA  98402

    FDB